PER CURIAM.
The appellant, Elden Riggsby, challenges the judgment and sentence imposed upon him after he was adjudicated guilty of one count of capital sexual battery and four counts of handling and fondling a child under sixteen. While he raises several issues on appeal, we find merit only in his contention that the trial court erred by failing to utilize a guidelines scoresheet when sentencing appellant for the noncapital offenses of handling and fondling a child under sixteen.
Appellant was charged with one count of capital sexual battery, pursuant to section 794.011(2)(a), Florida Statutes (1993), and four counts of handling and fondling a child under sixteen, pursuant to section 800.04(1), Florida Statutes (1993). The jury found appellant guilty of all counts and the trial court adjudicated him guilty. Appellant was sentenced to life in prison for the capital sexual battery, with a twenty-five year minimum mandatory, and fifteen years imprisonment for each of the four counts of handling and fondling a child under sixteen. The court ordered the sentences to run concurrently. Appellant filed a timely notice of appeal.
A guidelines scoresheet need not be prepared for the sentencing of a defendant for a capital offense. However, a proper scoresheet must be prepared and used when sentencing a defendant for a noncapital of *1338 fense. Salazar v. State, 662 So.2d 1294 (Fla. 2d DCA 1995). Although appellant’s capital offense of sexual battery did not require the use of a scoresheet, his convictions as to four counts of handling and fondling a child under sixteen, noncapital offenses, required the preparation of a scoresheet. It was in error to sentence the appellant for the noncapital offenses without a properly prepared score-sheet.
Appellant must be resentenced based upon a properly calculated scoresheet. See Lamb v. State, 532 So.2d 1051 (Fla.1988). Additionally, the appellant’s judgment and sentence should be corrected to reflect that a minimum mandatory was imposed for the capital sexual battery conviction pursuant to section 775.082(1), Florida Statutes (1993).
We, therefore, affirm the appellant’s convictions and the sentence for the capital crime. However, we reverse the sentences for the four counts of handling and fondling a child under sixteen and remand for resen-tencing with a properly prepared scoresheet.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.